Commission, case number 511-0323. Counsel, you may proceed. May it please the Court, Counsel, Mark Matranga for South Central Transit. Point of clarification here, in our briefs we referred to the Dixon case. It might be better to call ourselves by the number of the case in which we represented the employer. We were 78, Evans and Dixon were 79, the second accident. Case proceeded arbitration according to the Commission order. The cases were consolidated for purposes of trial only. This is a September 9, 2010 order. The respondent in case 79 filed a review using case 78. Later there was an attempt to amend the petition for review. The respondent in case 78 filed a motion to dismiss. This was granted. The Circuit Court reversed under the premise that the Commission had jurisdiction to hear an appeal in both cases on the basis that there had been a single hearing, single transcript and a single decision. That brought a review to this Court. Mr. Matranga, do you want to tell me where the jurisdiction lies? This Court's. Why do we have jurisdiction? I'm reading from this order. Case is remanded back to the Workers' Compensation Commission for further proceedings consistent with the order. What are they supposed to do when it gets to the Commission, Mr. Matranga? They're supposed to hear a review of the arbitrator's decision, aren't they? Based on the language of the order, you are correct. We have no jurisdiction. It's remanded back to the Commission for the Commission to hear a review on an arbitrator's decision. It's not a final order. Well, we consider it final in the sense that it disposed of the issue as to standing to take an appeal. Wait a minute, wait a minute. You can't appeal issues. You can appeal final orders. It's not a final order and you know it. Now, I understand you filed a notice of appeal to protect yourself, but you've got to convince us where we have jurisdiction when a case is remanded to the Commission when they've got to do something other than a simple mathematical computation. Well, this doesn't involve a simple mathematical computation. No, it requires a review of an entire arbitrator's decision. Therein lies the problem. There is an issue, though, in this case about the Circuit Court's jurisdiction. To enter the order of remanding. After I answered that question, I was going to raise that question as well. I want to agree with you, especially since we felt that the Circuit Court didn't have standing either. This has become a bit of a procedural harass here. I'm sure counsel for Dixon and Efteling will be the same. Wouldn't the Supreme Court cases tell us this case has got to go back to the Commission, the Commission has to enter an order, that order has to then go to the Circuit Court, and when it comes up to us on a final order, we back up and start from the very beginning and determine what was appropriate, what wasn't appropriate, and enter the proper order. Of course, to me, that's exactly what the Supreme Court told us we have to do. I understand what Your Honor is saying, but as Justice Stewart mentioned, there was also the issue of the Circuit Court's jurisdiction in the first place. And so what are you asking us to find on that? What are you asking us? They had no jurisdiction to do anything? Well, the writ did not include South Central Transit or Wiener McAuliffe as a party in interest or representative of a party in interest. There are cases, there's a Chadwick case, the Chambers case, the old Ben Cole case, and the more recent Schaeffer case, but none of those cases apply. Wiener McAuliffe and South Central Transit as a party respondent were simply left off of the request for summons and certificate of mail. Well, we could get into the argument over substantial compliance. I mean, I think that's going to be the rub on that issue, but he raises a very critical fundamental issue. Can an order be final and appealable anytime the Circuit Court, you know, demands an order back to the Commission? What are we doing with it then? Aside, you're getting into the merits of something. Well, the only merits I'm getting into is the 19-F issue. But how do we reach it if we have no jurisdiction? Oh, I'm following you very clearly. Just a minute. I mean, if the Circuit Court had no jurisdiction, I mean, we have jurisdiction to determine that issue. We just maybe can't review the Commission's decision. Wouldn't you agree? In other words, I mean, if the Circuit Court's entering an order of remanding, not a final order, let's take that as a given, but if the Circuit Court never had jurisdiction to enter that order to begin with, that's certainly reviewable now. Why is that reviewable now, Mr. McFarland? Yes. Why do you agree with that? Why do you think that's reviewable now? I think the jurisdictional issue should be determined. It's a priori before merits. Can we affirm the Circuit Court? I'm sorry, Your Honor. We can't affirm the Circuit Court because we have no jurisdiction to affirm them. So we only have jurisdiction to reverse them? Well, based on the discussion we're having right here, right now, Your Honor, yes, that's correct. That doesn't make sense. I mean, I can only enter half an order? I can only enter half a judgment? Well, Your Honor. I only have one choice, reverse or nothing? Your Honor, as a panoply of choices, but given the constraints of the question, I'm compelling. If the Circuit Court had no jurisdiction to remand, won't we reach that when the ultimate appeal from whatever the Commission does on remand comes up to us, can't we determine that then? Oh, you could. Could we wipe out everything in the act? Although one would hope that we would not. Engage in that. Have to revisit this case. But if the Circuit Court has no jurisdiction to remand, what does the Commission have to do anyway? Why do they have to even follow anything the Circuit Court says? Why do they have to revisit the case? Because it's a void order. They have no jurisdiction. At least, yes, I don't want to make this more complicated than it needs to be. I agree. But I believe there still may be – well, actually, no. Given the Commission order, there's nothing more to do. The Commission says there's nothing more to do. It's over. Then what happens? Well, there's a decision. Is there any review at all? For the Commission, no. No, Your Honor, because the Commission essentially dismissed the review because it was filed against the wrong party. Now, counsel raised the Schaefer case. Who was the party it was filed against? In case 78. No, who was the party it was filed against? The review before the Commission, Your Honor? Correct. Yes. Weiner-McCullough was not a party. That was our position, that we were not a party to that review, although our case number was used. Wait a minute. Weiner-McCullough wasn't a party to any case. No. Well, it is a party. The attorneys aren't. They're attorneys. No. Oh, no, no. Correct. It's the same response. As I said, we're referring to ourselves as representing. But, yes, case 78. I'll use that. We represented South Central Transit in 78. A review was filed by counsel in case 79 using case 78. The same party. Same party. South Central Transit. Correct. Same party. Correct. So I'm getting back to the base problem. I can't affirm this order. I understand Your Honor's position. I have no jurisdiction to affirm this order. I understand Your Honor's position on that. That doesn't make sense. To say I lack jurisdiction to affirm, but I have jurisdiction to reverse, makes no sense to me whatsoever. Well, given the... Well, if it's an issue of jurisdiction in a certain court, it's not really affirmative. It's either vacated or it's not vacated. It's void. It's void. That... No, you appealed from the judgment. We appealed from this court. Contending that the circuit court lacked jurisdiction. Correct. And my answer to that is I either affirm that or I reverse that, or I vacate it if there's no jurisdiction, or I affirm that if there was, and I have no jurisdiction to affirm it because it's not a final order. So inevitably and inexorably, after all these jurisdictional hurdles are dealt with, you can probably summarize your argument on the merits of whether or not there was compliance with the statute. And I know you're saying that the failure to file a written request correctly deprives the circuit court of jurisdiction, but the cases tell us that the magical phrase is substantial compliance. So why was there not substantial compliance with the statute in this case? There was not because what happened here does not fit within any of the exceptions which are laid out in the Chadwick case, the Chambers case, and the old Ben Cole case. Each one of those cases is a little bit different fact pattern, but none of them separately and independently nor taken together cover the factual situation we have here because South Central Transit as a party responded, as a defendant, was not included on any document, the request for summons nor certificate of mailing, as had been the case in these others. Is it an incomplete request for summons or is it? I would like for it to be incomplete, but it's not. This is a minefield for lawyers, Your Honor, quite frankly, and it would be nice if it weren't. I mean, this is nothing more than a match between two insurance characters. That's all this amounts to. Because South Central Transit, they filed a petition for review, did they not? For judicial review? Yes, and if I understand probably the intent of counsel in the first place, intended to file a review in case 7-9. Well, I don't know what counsel intended to do, but South Central Transit was the proper part to file a petition for judicial review. In the circuit court, they were the plaintiff filing a request for review, seeking relief from the September 2010 order dismissing the review. Right, and they were parties to that September order, were they not? South Central Transit was a party to the commission order, but South Central Transit as a party defendant was not named on the request for summons, nor the certificate of mailing, nor were there attorneys on either. I want to understand something. If you're the plaintiff in a petition for judicial review, why in heaven's name would you have to name yourself as a defendant? It might be similar to giving notice to oneself. No, what you're asking for here is for us to settle an argument between two insurance carriers. Because the attorneys for one insurance carrier filed a petition for review in a case that was handled by attorneys for another insurance carrier, but it's all the same party. Well, that does not mean that there are not substantial interests at stake for the employer, because they have different coverage, they have different premium, they have different obligations under the two. Yet it's a lawsuit by the employer against the lawyers, it occurs to me. It seems to me you could almost file this under the heading of exalting form over substance. I mean, the request was timely filed, there's no question about it. So this turns on whether or not there's an omission of one of the employer's legal representatives. Is that where this thing is turning at? Well, we don't take that position. We take the position that South Central Transit should have been a party defendant. So it should have been South Central Transit versus South Central Transit. Well, it's South Central Transit versus Illinois Workers' Compensation Commission, et al, et al, meaning the Commissioner's Director and South Central Transit as a party. What do you assume is wrong? Is that form over substance? Your Honor, again, I wish it were otherwise. At Section 19F, you know, every year we give a little program to our associates. It's a minefield, but it's jurisdictional. These things happen. We have exalted form over substance for Section 19. If we declare that there is no jurisdiction here in this case, then in that particular case, we'll ultimately get to your question of whether the circuit court had jurisdiction to remand this case when it comes up the next time and we have a final order, instead of putting us in a position where we can reverse but we can't affirm. Now, that simply to me makes no sense. Well, I'm not standing before the court urging the court to make that Hobbesian sort of choice. This is the court's question, the court's dichotomy. The court can affirm or reverse. But you haven't told me whether there's a final order. Well, according to the order, it's a remand. Again, Your Honor, I can read the order. It's clear. The case is remanded for further proceedings consistent with the order, which would be, I presume, as I think you did ask that as part of your last group of questions, would be to decide the review. But, you know, what's very interesting here, I don't know who is party to the review, and that's always been another question, too. Okay. Mr. Matrangi, your time is up. Thank you. Thank you. We'll hear from the other side on that. Thank you very much. You can ponder these difficult questions while you're sitting there. I pondered them previously. I can assure you. Thank you. Mr. Carr, you may respond. So you know the first question. Do we have jurisdiction? I think that is the critical, fundamental question you must answer before you get into the merits of anything. Before I get into the merits of anything? No, I don't believe that this Court has jurisdiction here. Why? Because I would argue that the Circuit Court's order was not the final order. They directed it to be remanded to the Commission for a final determination on the merits. But the detractors say it's void. If the order is void, then is it of any legal force in effect? How can a void order do anything, including remanding? How do you respond to that? But how else do you determine that it's void unless it can come up here on appeal? And I believe that's what Mr. Mantranga is trying to argue, is that it has to come here in order to be determined that it's void. The Commission can't determine that the Circuit Court's order is void. They can only do what the Circuit Court has ordered them to do. In that situation, the Commission would have to rule on the merits of the case. It would have to be reappealed to the Circuit Court on all issues, including the issue of jurisdiction for the Circuit Court. So the Circuit Court's going to decide on appeal whether it had jurisdiction in the previous application? At that point, that's when you would raise that issue. That's correct, Your Honor. The Circuit Court can only... Actually, you'd raise it when it comes up to us on appeal from the Circuit Court. Then you start backing this up. True, but the Circuit Court can also determine whether it had jurisdiction when it... It's already done that, isn't it? Is that the result you're urging us to do, Mr. Kareem, is find no jurisdiction? For the Circuit Court or for this Court? For this Court. Ultimately, yes, that's the result we would prefer to see. Of course, nobody raised that in their briefs, did they? No, they did not, Your Honor. But in any event, the desired outcome for my client... The insurance companies is to keep fighting about it and not... Well, is to get it back before the Commission so we can have the oral arguments on the merits of the case that we should have had to begin with so that the case could be disposed of on the merits before the Commission and then either come here on appeal or finish up without being... And what's the Commission going to decide if it goes back down there? What are they going to decide? They're going to decide the underlying merits of the case, which was whether or not South Central Transit related to the second injury date in this case, whether or not the issue of causation was proved and whether they were the liable employer for that date of injury. I mean, there's no question that between the two of you, somebody owes the petitioner the petitioner's injuries. That's just not even disputed, just who has to pay for what. That's correct, Your Honor. What it boils down to is a determination of whether or not my client, the insurance company which insured South Central Transit related to the second date of accident is the liable insurance company. You know, the problem that I have with this, and it's a simple problem, we have it in more than one case. Your client is South Central Transit. That's correct, Your Honor. You may have been hired by that insurance company, but your client is South Central Transit, so it says. That's correct, Your Honor. So when you say my client, the insurance company, your client, the insurance company, is not a party to this appeal and is not a party to any of this case. It may be the guy that's got to pay, but your client is South Central Transit. And so when a petition for review to the commission was filed by an attorney representing South Central Transit, then in that particular case there may be some problems between South Central Transit and that attorney for having filed that appeal, but the fact of the matter is they filed it for South Central Transit, their client. That's correct. I don't disagree with that. And so, I mean, the battle between the insurance carriers, why does it come up? I don't understand why it comes to us. You people should file lawsuits amongst yourselves to figure out who owes the money because you represent the party, although the arguments are in favor of the carrier. Again, I can't disagree with any of your interpretation, but the way comp works is we have two insurance carriers and one was found to be liable for a day, the other one wasn't. That insurance carrier presumably consulted with their insured. I don't know that that happened, but, you know, regardless. And they decided to appeal the case on the merits of the case to determine which insurance carrier is the liable one. So have the two insurance carriers got together and paid the petitioner what's owed so they can sort out later who's going to have to? Actually, this case. Because, you know, it's the employer. I've just been handling the appeal portion, this portion of the case, but it's my understanding the original hearing was in 19B. In 2009. Yes. I think there's since been another trial. Has there not? I thought there was. I don't know. I mean, the employer who you both represent is subject to penalties and whatever and is obligated to pay, right? And the employer's got to pay regardless of which insurance company pays. Well, I don't know that any penalties were awarded, but, yes, an insurance company would end up paying. But since 2009, what you're telling me is the petitioner hasn't paid anything to be fired about which representative of the employer is going to pay. I can't speak to that issue, Your Honor. I haven't been dealing with the substantial underlying merits of the case. I've just been dealing with this portion of the appeal. You have here an employee who the arbitrator said has been injured on both accident dates, right? I believe the underlying decision was, yes, there was a work-related injury on both dates. And he got an award for both? No, he got an award related to the second one. And that's where all the benefits were awarded because they found that the underlying causation for the then condition of ill-being was due to the second injury date, my injury date. I have a question going back to the jurisdictional part of this. If jurisdiction is not vested in this court given the proceedings that came before, is there discretion that can be exercised by this court? I mean, the case is here now. I don't see why jurisdiction can be argued at any level. Yeah, but getting back to the fundamental question, we can't waive jurisdiction, can we? Isn't the case law clear? You either have it or you don't. We can't waive jurisdiction. That's correct, Your Honor. We do have an obligation to inquire into our own jurisdiction before we hear anything, don't we? I would agree with that as well, Your Honor. Whether you raise it or not. That's correct. The court can raise it on its own. Sue Ospontan has done on several occasions. I think if you review the oral arguments this morning, we seem to have an agreement on many, many things, except the ultimate resolution of this appeal. I wouldn't disagree with that, Your Honor. Of course, because we're agreeing on everything. It certainly makes me happy. But, yes, ultimately I think the case needs to go back to the commission for determination of the underlying merits of the case, apart from the issue of jurisdiction. And once the commission has decided the overall underlying merits of the case, the case can come up or stand as it may be. But at this point, I think South Central Transit needs to have its day before the commission to argue the issues. The only way to get around jurisdiction, and I don't think you can, I'm not tipping my hand, is whether or not the theory that the circuit court's order was void. Did you gentlemen and ladies, did you brief this issue? Did you ever argue this issue before that the circuit court's order was void, therefore we have jurisdiction? Has anybody presented that argument in any written documents supported by case law? Has that happened yet? No, Your Honor. All right, so we're going to decide this issue, and we're going to find that we have jurisdiction without anybody arguing about it. That's real problematic to me. As far as the circuit court, I mean, the very limited nature of whether or not the circuit court has jurisdiction was argued in the briefs. It was never argued before. And the circuit court remanded. We have a remand order, which I think we would clearly agree, almost all cases there would not be a final order, correct? Correct. And the way around it is what? I don't know that there's a way around it, Your Honor. It goes back to the commission as far as we are concerned. And that's what I'm asking this court to do today. Thank you, unless there's any further questions. Okay. Technically, we agree to split up. There's time remaining until the red light goes on. Which is how much? Roughly about, I would say, seven minutes. Okay, thank you. That gives me an idea. If that's a guess, I'm not sure. I'm not timing it. The timer is. I think every party missed jurisdiction in this case, and it's one that I wish I would have gotten and brought up in the briefs. My question, I guess, and what I would argue in this case, is the prejudice not only to Mr. Schlechter, but to the insurance companies. I agree. One employer, they owe Mr. Schlechter benefits, and he's sitting on two cases that are valid that haven't been reviewed, and he's not getting benefits. That's a problem for me as a petitioner's attorney. The issue I have is, if this court order from the circuit court is something that can be remanded back to the commission, I don't understand it. This order says that the cross motions to dismission have been granted. Okay, I got that. However, they can amend their petition for review. So, I have two cases, two accidents. I have one that the insurance company clearly did not want to review that should be final, and at least he could get a little something. Then we got the big case that they wanted to review, the employer wanted to review, but I've argued, and clearly I would agree with Mr. Matrenga, that they didn't effectively make that review possible. So, if it goes back to the commission, what is the commission going to do? Well, I suppose they're going to hear your petition for penalties. Oh, absolutely, Your Honor. As soon as you get it on file. Absolutely, Your Honor. And I'm sure we'll be back here in another five years. And another five years on that. But, again, to me that's not clear from the circuit court's order at all, and I don't know what the commission would do with it, and even the commissioner who wrote the order is no longer with the commission, so that makes things even more confusing. It won't even be that case anymore. Let me ask you this, I'm just kidding. Sure. Let me frame it this way. Does an erroneous order by the circuit court, remanding the case to the commission, is that an appealable order? That's the only way you're going to argue it's going to get here. If it's erroneous, doesn't it still go back to the commission? This is the only place we can come, although we don't have a final and appealable order. This is the only place we can go to say the circuit court acted without jurisdiction. We can't go back to the commission to say the circuit court acted without jurisdiction, because the commission now is going to be under, they're either going to do one of two things, and I think this order is very vague. They're either going to only hear 79, the big case, or they're going to hear 78 and 79, which nobody intended to appeal, but somehow that got on there, which my client would be like, hey, that's a valid case, and nobody wanted to appeal that. That's pretty clear from the record on up. The circuit court didn't have any jurisdiction to do that, because the commission was right in this case. They got it wrong in the fact that this appeal wasn't properly perfected. Well, we've got two issues raised in this appeal. One is we're reviewing the commission's decision, just as the circuit court did. In other words, I'll call it the substance of what the circuit court's order said. But the second issue on appeal is whether the circuit court had jurisdiction, okay? So why would we not have jurisdiction to determine that issue? We don't have jurisdiction to determine the commission's decision. Why wouldn't we not go ahead now and decide whether the circuit court had jurisdiction? I mean, notice of appeal was timely filed on that issue. It's up. I want you to. But nobody's raised it. I agree. The circuit court's jurisdiction is raised in the briefs. The circuit court's jurisdiction is raised in the briefs, right? The circuit court's jurisdiction with regard to, yeah. If we were to decide the question of the circuit court's jurisdiction, what could we do after we decided that it did have or didn't have? If it didn't have jurisdiction, we could enter an order and say, the order's vacated for wanted jurisdiction and say nothing more. Or we could turn around and we could say, the circuit court has jurisdiction and it had jurisdiction, therefore we lack jurisdiction to decide the merits of this case. We could do that. Or we could turn around and say, because no final order was entered in this case, we don't have jurisdiction to hear anything and send the thing back to the commission and worry about it when it comes back up here a second time. Which I agree is probably the easiest thing to do, but I opt for option A, of course, because at this point we're five years down the road with everybody's jurisdiction in question. That's my red line. You may finish. And the line of cases that everybody has cited in their briefs, when we're talking about whether or not there's substantial compliance, no compliance, whatever, is what is it doing to the parties? What is it doing to the parties? And in most, if not all of those cases, it didn't do much to the parties. Everybody knew, everybody was aware, everybody was the same. In this case it's a little different because you're bringing along an insurance company that never wanted to be brought along, that never wanted to appeal their decision, that agreed they were going to pay benefits and be left alone. We go back to the commission, they're stuck. And petitioners are stuck because they wanted to pay, now they can't because the whole shebang is on appeal. So nobody can pay, or will pay, because each decision is kind of intertwined, which they wouldn't have been had we just let it go. So I guess I would appeal on the argument of this is not judicial economy, this is not a good thing. There is prejudice in this case. And if we go back and the commission says, okay, we'll handle it all together and we're going to change up all the liability of the parties, then we're back here talking about jurisdiction, potentially going all the way back. Thank you, counsel. Thank you, Mr. Goodsey. Mr. McTryger, you may reply. Five minutes and reply. Thank you. I have been pondering, as Justice Huntsman asked me to do. Did you have an epiphany? Yes. Good. Of sorts. On one issue, and that is, you know, the issue of jurisdiction was not raised in the court. That's why we find ourselves here. And like Mr. Carr, I was not, I only became involved once we had this notice of appeal. And as far as any other. Okay, just to make sure I understand, the issue of the circuit court's jurisdiction was not raised in the circuit court. Was not. Okay. Was not. Yours truly. But it can't be waived so you can raise it even for the first time here. Absolutely. Agreed. But I think all concerned would agree, and of course I'm certain the court doesn't necessarily consider its function to try to educate the commission. They've all agreed that we should have, there should be rules. That's, thinking of the big Lebowski, if this is in Vietnam, there should be rules about is a consolidated decision a decision against all? Is the appeal of one case the appeal of all cases, even if it's a clerical error, et cetera. If we had such rules, we would. That was cited in the big Lebowski? That's right. Yeah. This is in Vietnam, there are rules. I remember the rule, I didn't think it was that deep. Yeah, it was in the bowling alley. Steve Buscemi went over the line. Okay, finish your argument. You only have five minutes. I'm virtually done here, Your Honor. But anyway, I think that that's the solution, is to have some rules about what's involved with a review before the commission. Well, would you be satisfied if we decided the issue of the circuit court's jurisdiction under our power always to make a determination of whether the circuit court had jurisdiction, and leave it at that, if the circuit court lacks jurisdiction, we merely vacate its order and say nothing more. If we determine that the circuit court had jurisdiction in that particular case, we would declare that we lack jurisdiction to decide the merits of the case, because it's not a final order. Are you happy with that one? Oh, I'm happy with everything and anything, Your Honor. Although I didn't handle the case below, it's my understanding that we were the small case. You were the big case. And it's always been my understanding that whatever our little award was, we paid. But I don't know that that's – Hopefully you don't get a piece of the penalties when this goes back down. You don't think they're going to sit back and not file a case. I was never good at French, but there's a phrase for that. I think it's not going to involve me. I'm here before you're all. So thank you for your time. Thank you, counsel, both, for the arguments in this matter. We've taken an advisement that this position shall issue.